*835 OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought by the Monroe County Department of Social Services pursuant to section 384-b of the Social Services Law seeking the guardianship and custody of a child, Erin Roth. The ground of the application is that the child’s mother, Mary Roth, is presently and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for the child. This is a motion by respondent for the appointment of a psychiatrist to testify on her behalf.
The court has previously appointed a psychiatrist to examine respondent and testify in accordance with the requirements of section 384-b (subd 6, par [e]) of the Social Services Law. In addition, the department has stated its intention to call as a witness another psychiatrist who has worked with Erin. Respondent wishes to have the services of a psychiatrist not to testify on the issue of her alleged mental illness but rather to question the expertise of other psychiatrists to attempt to show that psychiatrists cannot make valid diagnoses or predictions.
Notice of this application was given to the department, the Law Guardian and the County of Monroe. The department took the position that the statute was not intended to cover the type of proof proposed by respondent. The county contended that there is no basis in the County Law or the Judiciary Law for a charge against the county and that it is unnecessary for respondent to have a psychiatrist to do what could otherwise be accomplished by cross-examination. The Law Guardian supported respondent’s application.
Section 384-b (subd 6, par [e]) of the Social Services Law provides: "The parent and the authorized agency shall have the right to submit other psychiatric, psychological or medical evidence.” There is no dispute that Mrs. Roth is receiving Social Security disability and SSI benefits and is unable to pay for the expense of a psychiatrist. The exercise of her statutory right should not be dependent on her financial ability. Being poor is no reason for respondent to be denied the rights expressly bestowed by the Legislature.
Each party to this proceeding should be free to select the type of proof it will submit without limitation. The statute in question does not restrict the respondent to presenting only evidence of the results of a psychiatric examination. The court *836 finds that the proof proposed by the respondent dealing with the competence and expertise of psychiatrists constitutes "psychiatric or medical evidence” as provided in the statute.
In order for respondent to be able to controvert the evidence proposed to be submitted by the two psychiatrists already involved, it is essential that she have the services of a psychiatrist available to testify on her behalf. Pursuant to section 251 of the Family Court Act, in order to serve the purposes of the act, Dr. Jonathan Ecker is appointed to examine and testify on behalf of respondent Mary Roth.